# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OBED BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-1668-AGF ) |
| BARNES-JEWISH HOSPITAL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Obed Brown, for leave to commence this action without payment of the required filing fee.[1] After reviewing plaintiff's motion and supporting financial affidavit, the Court finds that she does not have sufficient funds to pay the filing fee. The Court will grant plaintiff's motion for leave to proceed in forma pauperis. Based upon a review of the complaint, however, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Plaintiff Obed Brown identifies as a transgender female. As such, the Court will refer to Ms. Brown using female pronouns.

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff's complaint alleges defendants Barnes-Jewish Hospital and Drs. Ludwig Trillo Alvarez and Shawgi Silver violated her civil rights by "false imprisonment/involuntary servitude/human trafficking 18 U.S.C. § 1581 and assault with substance abuse by forcing me to take sedative-hypnotic prescription drugs under duress, coercion and intimidation." ECF No. 1 at 5. Alternately, she describes her action as one for damages for "medical battery/malpractice, assault, intentional torture (tort crime law), fraud, privacy invasion (HIPPA & GINA) & obstruction of justice for participating in an organized police entrapment operation." *Id.* at 8. Plaintiff cites, among others, federal criminal statutes 18 U.S.C. § 1610 (nonexistent); 18 U.S.C. § 351(e) (assault of a member of Congress, member of executive branch, Justice of the United States, etc.); 18 U.S.C. § 1581 (peonage); and Missouri state statutes involving fraud and forgery, and medical records billing. *Id.* at 8-9.

Plaintiff's action arises out of a 96-Hour Detention, Evaluation and Treatment, and Warrant (Mental Health) signed by Missouri Probate Judge Michael Mullin. *See* ECF 1-1. The 96-hour hold was ordered based on an application for hold filed by Sergeant Sally Panzer of the St. Louis Metropolitan Police Department.[2] Plaintiff filed as exhibits to her complaint the

---

[2] Plaintiff also filed a federal civil rights case against Sgt. Panzer arising out of these events. *See Brown v. Panzer*, Case No. 4:18-CV-1662-PLC (filed Oct. 1, 2018) (dismissed on initial review as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)). Notable are the facts described in Sgt. Panzer's affidavit in support of her application to the Court. In her affidavit, Sgt. Panzer stated that plaintiff had been making threats on social media to kill certain individuals and tweeted that

application for the 96-hour hold, a portion of Sgt. Panzer's affidavit, and an affidavit of Dr. Silver. *Id.*

In his affidavit, Dr. Silver states:

> Per chart, patient has been assigned diagnoses of schizophrenia, bipolar disorder, and gender dysphoria disorder, reportedly untreated. Patient is hyperverbal and evasive on exam with evidence of delusions of persecution and a sustained delusion regarding a civil law suit which patient refuses to elaborate on, believing that it is the cause of the FBI and police department's persecution. Patient demonstrates disorganized behavior in the form of living in her car despite supportive family members. Patient has made repeated death threats towards specific people via social media including facebook and twitter. The aforementioned is consistent with a diagnosis of unspecified schizophrenia spectrum and other psychotic disorders. Patient is highly guarded and evasive on examination, refusing to disclose rationale for making threats towards specific individuals on social media. Patient denies making such threats, thereby demonstrating mendacity and other duplicitous statements when asked about psychiatric history. Therefore, it is uncertain at this time how much of a threat towards specific individuals patient currently presents. The aforementioned support the belief that the respondent presents an unacceptably high possibility of serious harm to others.

ECF 1-1 at 3.

To make sense of the allegations in the current case, the Court notes that plaintiff has an employment discrimination case pending in this Court against her former employer, Express Scripts. *See Brown v. Express Scripts*, Case No. 4:17-CV-866-HEA (filed Mar. 9, 2017). Plaintiff is proceeding pro se in her employment discrimination case, which is set for trial May 20, 2019.

In the current case, Plaintiff alleges that, because she refused to sign an authorization form for her medical records in her employment discrimination suit, Express Scripts:

---

a specific person was stalking her using "astral projection technological APP to torture and rape [her] of [her] liberty and freedom." Plaintiff was also making threats against the federal judge presiding over her employment discrimination case. *See Brown v. Panzer*, Case No. 4:18-CV-1662-PLC at ECF 1-1. Plaintiff had handwritten on this copy of Sgt. Panzer's affidavit: "I have proof of my claims regarding Astral Projection." *Id.*

committed civil/criminal conspiracy with the police because there was no medical necessity to invade my privacy under the 4th and 5th Amendments to the United States Constitution. That's why Sally Panzer did the medical necessity fraudulently. MD Trillo Alvarez, Ludwig, Shawgi, Silver, MD and their medical teams questioned me aggressively, even after I chose to remain silent under the 5th Amendment.

ECF No. 1 at 5.

Plaintiff states she was fraudulently diagnosed with psychosis by Drs. Alvarez and Ludwig, then "involuntarily forced to take RISPERIDONE & WARFARIN without [her] consent." She states further:

> Since the hospital placed me in the psych ward, I witnessed abusive behavior rendered on the other patients who refused to take the medications. Those patients were tied down with chains & handcuffed naked like slaves; then shot with a needle & thrown into a padded room for about a[n] hour. It was a torturous experience. **I felt like a victim of the Holocaust in Nazi Germany while being experimented on by medical & legal professionals.** Most were African-American patients as well. When I refused all medical treatment under the 14th Amendment, the doctor threatened to shoot me with a needle involuntarily, even though I was behaving professionally.

*Id.* at 6 (emphasis in original).

Plaintiff concludes her complaint by stating that, once she was discharged from Barnes-Jewish Hospital on February 7, 2018, she got a second opinion, which she alleges found no signs of schizophrenia, bipolar disorder, or psychosis.[3]

> Which leads me to believe that Sgt. Sally Panzer, Barnes-Jewish Hospital, Trillo Alvarez, Ludwig & Shawgi, Silver [sic] participated in a civil conspiracy involving medical battery/malpractice & deprived me of my civil rights under color of law because my former employer (which is the largest pharmaceutical company in the world) doesn't have a medical necessity to invade my privacy or justify their reasoning for sex discrimination/retaliation in federal court.

---

[3] Plaintiff attaches to her complaint medical records from March 4, 2018 at SSM Health St. Louis University Hospital. *See* ECF 1-1 at 7-8. The medical records indicate that plaintiff self-reported no family psychiatric history. The medical records do not support plaintiff's contention that a second set of doctors denied psychosis diagnosis. In plaintiff's mental status examination, the records indicate plaintiff's thought process was "association intact, logical and goal directed" and plaintiff's thought content was "Denies suicidal ideation, denies homicidal ideation, and possible delusions elicited during interview regarding lawsuit, but information may be true, cannot tell without collateral." *Id.*

For relief, plaintiff seeks punitive damages in the amount of $500,000 to $50 million. Finally, for unknown reasons, plaintiff has attached to the last page of her complaint a headshot of herself.

**Discussion**

An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court finds no basis for the factual allegations in plaintiff's complaint that her former employer Express Scripts is conspiring with the FBI, St. Louis City police, and defendants to invade her privacy and undermine her employment discrimination case. Based upon the record as a whole, such allegations appear to be derived from delusional paranoia. As a result, the complaint is factually frivolous under *Denton*, and the Court will dismiss this action under 28 U.S.C. § 1915(e).

To the extent plaintiff challenges Missouri state statute § 632.205(3), which allows for an individual to be placed on a 96-hour psychiatric hold, she has not alleged any unreasonable seizure and unreasonable use of force in violation of the Fourth Amendment. *See, e.g.*, *Lacy v. City of Bolivar, Mo.*, 416 F.3d 723 (8th Cir. 2005) (finding actions of police and health care providers in placing plaintiff on 96-hour psychiatric hold under § 632.205 were reasonable for Fourth Amendment purposes). The records attached to plaintiff's complaint indicate that Sgt. Panzer had reasonable cause to believe plaintiff was suffering from a mental disorder and posed an imminent risk of harm to others. Dr. Silver's affidavit confirms this fact. Plaintiff's records indicate she was detained from January 26, 2018, to February 7, 2018, which contradicts plaintiff's allegation that she was "forced to stay an additional 21 days because I remained silent & refused medical treatment from unvetted medical professionals." Plaintiff was also given a

hearing during this time, and her allegations that this hearing "violated every federal due process right I have in the constitution" is entirely conclusory.

The Court finds that plaintiff's allegations regarding a civil conspiracy between her former employer, Express Scripts, and the FBI, St. Louis City police, and defendants to invade her privacy and undermine her pending federal employment discrimination case, *Brown v. Express Scripts*, No. 4:17-CV-866-HEA, are clearly baseless and appear to be delusional. As a result, the Court will dismiss this case as frivolous under 28 U.S.C. § 1915(e)(2)(B). To the extent plaintiff attempts to allege defendants violated her Fourth Amendment rights when they placed her on a psychiatric hold under Missouri Revised Statute § 632.205(3), the Court finds these allegations vague and conclusory, wholly lacking factual support, and not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of April, 2019.

                                                               */s/ Audrey G. Fleissig*
                                                               AUDREY G. FLEISSIG
                                                               UNITED STATES DISTRICT JUDGE